# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| KEVIN MACHO,<br><br>      Plaintiff,<br><br> v.<br><br>FIRST NATIONAL INSURANCE COMPANY OF AMERICA,<br><br>      Defendant. | CASE NO. 3:17-cv-05562-RJB<br><br>ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR REMAND |

  THIS MATTER comes before the Court on Plaintiff's Motion for Remand (Dkt. 7). The Court has considered Defendant First National Insurance Company's Response (Dkt. 10), the Complaint (Dkt. 1-2), and the remainder of the file herein. Plaintiff did not file a Reply.

  Plaintiff seeks remand on the basis that the Court lacks original jurisdiction. Defendant removed the case from Clark County Superior Court based on alleged diversity jurisdiction, *see* 28 U.S.C. § 1332, and Plaintiff argues that the amount in controversy does not exceed $75,000.

ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR REMAND - 1

## BACKGROUND

The Complaint centers on allegations that Defendant acted in bad faith in another lawsuit, an uninsured motorist case in which Plaintiff alleges that he is entitled to insurance benefits. Dkt. 1. Plaintiff filed the present case in Clark County Superior Court on June 22, 2017, and the case was timely removed by Defendant on July 21, 2017. Dkt. 1.

The Complaint is accompanied by a Notice of Removal, which represents that diversity jurisdiction is proper because Defendant is a citizen of a state other than Washington, Plaintiff is a resident of Clark County, Washington, and the amount in controversy exceeds $75,000. Dkt. 2 at ¶¶4-7. *See* 28 U.S.C. § 1332. In support of the amount of controversy alleged, the Notice of Removal alleges that Defendant made Plaintiff a written offer of $69,277.13 on June 23, 2017; that Plaintiff rejected the offer because it was too low; and that the Complaint seeks attorney fees and treble damages under the Consumer Protection Act (CPA) and the Insurance Fair Conduct Act (IFCA). *Id*. at ¶7.

The Complaint alleges that Defendant "has violated the Consumer Protection Act, RCW 19.86.020, *et seq*. . . . as well as administrative code passed under authority of the Insurance Fair Conduct Act, RCW 48.30.15, *et seq*. Dkt. 1-2 at ¶77. Relatedly, the Complaint alleges a range of conduct by Defendant that, if true, could violate IFCA and the CPA. *See generally*, Dkt. 1-2 at ¶76.

## STANDARDS GOVERNING MOTION FOR REMAND

28 U.S.C. § 1441, provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for any district . . . where such action is pending." 28 U.S.C. § 1441(a). District courts have "original jurisdiction," among other reasons,

where there is complete diversity between the parties and the amount in controversy exceeds $75,000 at the time of removal. 28 U.S.C. § 1332(a). Where removal is based on diversity jurisdiction, the removing defendant must show the sufficiency of the amount in controversy by a preponderance of the evidence. 28 U.S.C. § 1446(c)(2). Removal statutes are construed restrictively, and any doubts about removability are resolved in favor of remanding the case to state court. *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992).

On a motion for remand, the removing defendant faces a strong presumption against removal, and bears the burden of establishing that removal was proper by a preponderance of evidence. *Gaus*, 980 F.2d at 567; *Sanchez v. Monumental Life Ins. Co.,* 102 F.3d 398, 403-04 (9th Cir. 1996). Conclusory allegations by the defendant will not suffice to overcome the traditional presumption against removal. *Rodgers v. Central Locating Service, Ltd.*, 412 F. Supp.2d 1171, 1175 (W.D. Wash. 2006); *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 375 (9th Cir. 1997). Instead, the courts may look beyond pleadings and consider other summary judgment type evidence relevant to the amount in controversy, tested as of the time of removal. *Kroske v. U.S. BankCorp.,* 432 F.3d 976, 980 (9th Cir. 2005); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004).

## **DISCUSSION**

The present motion for remand is brought by Plaintiff, who does not make a specific showing about the amount in controversy. *See generally*, Dkt. 7. Instead, Plaintiff argues that Defendant cannot meet its burden to show the amount in controversy, where Defendant's assessment is flawed and based on incorrect assumptions. Dkt. 7 at 2-5. Because the Complaint is silent as to the amount in controversy, Plaintiff argues, Defendant has relied on its settlement offer to Plaintiff in the amount of $69,277.13 to make its showing. However, Plaintiff explains,

1 that offer was made to resolve the underlying uninsured motorist case, not this case. Dkt. 7 at 2-
2 5. Plaintiff also rejects any calculation that would rely on including treble damages under IFCA.
3 According to Plaintiff, IFCA is raised only as a theory of liability for the CPA claims and is not
4 alleged as a separate claim. *Id*. at 3. *See* Dkt. 1-2 at ¶77. Plaintiff also notes, parenthetically, that
5 he could not have alleged IFCA violations, because he does not allege that Defendant denied
6 coverage, which is a prerequisite to an IFCA violation. *Id*.

Defendant argues that even if the Complaint only alleges CPA violations, not IFCA violations, the amount in controversy is satisfied because each CPA violation, if proved, could include up to $25,000 in treble liability alone, and there are sixteen discretely alleged CPA violations, plus attorneys' fees to be included in the calculation. Dkt. 10 at 2, 3, 7, 8. Defendant also notes that Plaintiff has not submitted a declaration or evidence to contradict Defendant's submission and argues that Plaintiff's arguments misinterpret the applicable law. *Id*. at 5, 6.

The Court finds that Defendant has shown by a preponderance of the evidence an amount in controversy that exceeds $75,000, so original jurisdiction under § 1332 is proper. From the face of the Complaint, multiple bases for CPA claims are apparent. *See* Dkt. 1-2 at ¶76 (failure to make a timely and reasonable investigation; failure to make prompt, fair settlement; failure to timely acknowledge material communications; engaged in bad faith). If Plaintiff prevails on just three of the multiple CPA claims alleged, and those claims are trebled to their maximum of $25,000 each, the amount in controversy is easily exceeded. If Plaintiff's counsel is awarded attorneys' fees, *see Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007), the amount will further increase. The Court's calculation does not rely on the $69,277.13 settlement offer by Defendant, although the offer does support an inference that CPA damages, if awarded, would be more than nominal in amount. The Court's calculation also does not rely on trebled

IFCA violations, although the Complaint can reasonably be interpreted to allege them. *See* Dkt. 1-2 at ¶77.

Plaintiff's motion for remand should be denied without prejudice. Dismissal or remand may be warranted should it become clear, through the course of motions or otherwise, that the amount in controversy is less than $75,000. Based on the showings of the parties, however, the Court concludes at this juncture that it has original jurisdiction under § 1332.

\* \* \*

THEREFORE, Plaintiff's Motion for Remand (Dkt. 7) is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 29th day of August, 2017.

*/s/ Robert J. Bryan*

ROBERT J. BRYAN
United States District Judge